JUSTICE MUNDY,
Concurring
I agree that in light of this Court’s recent decision in Commonwealth v. Muniz, — Pa.—, 164 A.3d 1189 (2017), the Commonwealth Court erred in rejecting Appellant’s argument that SORNA is an ex post facto law.[1] However, if I were writing on a blank slate, I would conclude that SORNA does not violate the Ex Post Facto Clauses of the Federal and Pennsylvania Constitutions.
I have previously expressed my views in this area in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014). Therein, the Superior Court balanced the factors articulated under Kennedy v. Mendoza-Mar *1085 tinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The panel concluded that SOR-NA’s requirement that an offender appear physically in person to regularly update his or her information was “an affirmative restraint,” weighing in favor of concluding SORNA was punitive, and therefore an ex post facto law. Perez, 97 A.3d at 754. However, the court also concluded that the other six factors did not weigh in favor of concluding SORNA was punitive. See id. 754-58. Balancing these factors, Perez concluded that SORNA was not punitive, and therefore not an ex post facto law under the Federal Constitution.[2] Id. at 758-59.
I continue to believe that Perez was correctly decided and struck the proper balance under controlling cases from the Supreme Court of the United States. I therefore disagree with Muniz’s conclusion that SORNA violates the Ex Post Facto Clause of the Federal Constitution. Even assuming that Muniz’s federal constitutional analysis was correct, its analysis should have properly ended there, since any claim under the Pennsylvania Constitution is moot. See generally Pap’s A.M. v. City of Erie, 553 Pa. 348, 719 A.2d 273, 281 n.12 (1998) (concluding that since a local ordinance violated the First Amendment of the Federal Constitution, there was no need to consider whether the ordinance also violated the Pennsylvania Constitution), rev’d, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). Since the Court decided to reach that argument, I agree with Justice Wecht that the Ex Post Facto Clause of the Pennsylvania Constitution does not provide higher protections than its federal counterpart. See Muniz, 164 A.3d at 1218-31 (Wecht, J., concurring).
Athough I disagree with Muniz’s conclusions, they are now the law of this Commonwealth. As such, they must be applied in a meaningful way. No sensible reading of Muniz would permit the Commonwealth Court’s contrary judgment to stand, I therefore join the Court’s order in this case, because it correctly applies Muniz and reverses the Commonwealth Court’s order in this regard.

. I did not participate in Muniz, which was argued with Commonwealth v. Gilbert, 48 MAP 2016, a case in which I participated on the Superior Court.

. The panel did not address Perez’s claim under the Pennsylvania Constitution, due to his failure to conduct an analysis pursuant to Commonwealth v. Edmunds, 526 Pa. 374, 586 A.2d 887 (1991) in his brief. See Perez, 97 A.3d at 759-60,